## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| XUEHONG SHARON GOU,<br>    Plaintiff,<br><br>vs.<br><br>THE BOARD OF REGENTS OF<br>THE UNIVERSITY OF OKLAHOMA,<br>    Defendant. | )<br>)<br>)<br>)  Case No. CIV-21-679-R<br>)<br>)<br>)<br>) |

### **PROTECTIVE ORDER**

Pursuant to the Joint Application for Agreed Protective Order filed by the parties and for good cause shown, this Court enters the following Protective Order governing confidential and private material obtained and exchanged in this case.

1. The following, if obtained during the course of this litigation, are deemed private and confidential and subject to this Order:

    A. Medical, psychological, counseling records, and marital records related to any persons, and the information contained in such records.

    B. Tax returns, pay records, loan applications, financial statements, and W-2 forms related to the Plaintiff or any other persons, and non-public financial records of the Defendant.

    C. Any documents showing salary, payroll, tax, insurance, beneficiary designations, retirement, or any other type of compensation or benefits related to any persons.

    D. For non-parties, performance appraisals, performance improvement plans, and disciplinary records.

1

E. Social security numbers and dates of birth of any persons shall be held confidential; provided, however, that month and year of birth and last four digits of a social security number shall not be confidential.

F. The names of minor children or incompetent persons shall be confidential; provided, however, such persons may be identified by initials.

G. Unlisted home addresses and unlisted home phone numbers and cell phone numbers shall be confidential; provided, however, the last four digits of a phone number shall not be confidential.

H. Educational records of any persons to the extent such records are covered by 20 U.S.C. § 1232g.

I. Confidential records of the Defendant as identified in the Oklahoma Open Records Act, 51 OKLA. STAT. § 24A.7:

    i. Records related to internal personnel investigations;

    ii. Employee evaluations, payroll deductions, payroll applications, transcripts from institutions of higher education; and

    iii. Home addresses, telephone numbers, and social security numbers of any persons employed or formerly employed by the Defendant.

J. Proprietary commercial information that is copyrighted, constitutes trade secrets, or otherwise warrants confidential protection.

2.     The confidential materials described above shall remain confidential and, absent permission by the Court, shall be used only for the purpose of preparation and presentation of this case as permitted in this Order.

3.     Other than tax returns, non-public financial information, education records, marital records, medical, psychological and counseling records, and proprietary commercial information to be handled in accordance with Section 4 below, confidential materials may be disclosed to:

    A.     The parties;

    B.     The attorneys for the parties and the attorneys' staff;

    C.     The Court, the Court's staff, and the staff of the Court Clerk;

    D.     Any witness during the course of depositions;

    E.     Any court reporter or videographer;

    F.     Any person who is or reasonably may be expected to be a witness in this action; and

    G.     Any person who reasonably would need to see such materials in order to give testimony or information related to the case, to form opinions, or to serve as a consultant with regard to issues in this action.

4.     In the case of tax returns, grad transcripts, marital records, medical, psychological and counseling records, and proprietary commercial information, these confidential records and the contents (including summaries, excerpts, and extracts) thereof may be disclosed only to the following persons without leave of court:

      A.    The Court, the Court Clerk, court reporters, and staff of those entities;

      B.    Counsel for the parties;

      C.    Expert witnesses or consultants who are qualified to evaluate such records;

      D.    The person who is the subject of the records or the guardian of such person;

      E.    Defendant's corporate representative(s) designated pursuant to Fed.R.Civ.P. 30(b)(6); and

      F.    Employees of the Defendant who have previously reviewed such records as an authorized recipient or member of management.

This Order shall not preclude either counsel from communicating a general assessment or analysis of the impact of the records or their contents or an assessment or analysis by their expert witness(es) to the clients or insurance representatives for purposes of settlement discussion or case preparation.

In the case of disclosure of confidential records pursuant to Section 4(C), 4(D), 4(E) and 4(F), before disclosure the recipient must agree to maintain such records as confidential as provided in this Order.

5.    In order to comply with HIPAA requirements and particularly 45 C.F.R. § 164.512(e)(1)(v)(A), (B), a party receiving medical records must:

        A.      Not use or disclose the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

        B.      Must return such information to either the entity from which it was received or the attorney of the party to whom it pertains, or destroy the protected health information (including all copies made), which actions must be taken at the end of the litigation or proceeding.

6.      In the case of disclosure of records or confidential information to persons who are potential witnesses as described in paragraph 3(F) or (G), the disclosing party may not provide the potential witness with a copy of any confidential document but may show such document or orally share said records or confidential information. Such persons must be advised that said information is subject to this Protective Order and that such Order applies to them. Such persons must be advised that they must maintain said information as confidential.

7.      All confidential records subject to this Order need not be filed under seal or otherwise presented under seal. Confidential personnel records of third parties may be filed provided that the names of the third parties and identifying information (except for initials or similar designations) are redacted. Medical, counseling or psychological records, marital records, grade transcripts, non-public financial records, proprietary commercial information, and tax returns shall be sealed along with the portions of any transcripts of testimony, reports, or other documents which would disclose information contained in such records. The parties will comply with procedures set forth in the

Electronic Filing Policy and Procedures Manual § III(A) for filing under seal confidential documents which are subject to this Protective Order. In lieu of filing under seal and where practicable, parties will be allowed to redact the restricted portions of the information from documents filed with the Court unless that confidential information is material to the issue being presented.

8. The party or non-party who owns the confidential information may waive the confidentiality of all or part of any otherwise confidential information or waive the requirement that any portion of information be filed under seal; provided, however, such waiver will not be implied but must be made expressly in writing by the party or non-party who owns the confidential information.

9. Information that is confidential shall be marked CONFIDENTIAL except that medical and counseling records, tax returns of individuals, and education records are confidential without further designation. The parties shall designate portions of depositions as confidential if they contain information designated as confidential by this Order. Such designation shall be made in writing within fifteen (15) days of the transmittal of the deposition transcript or within fifteen (15) days of a party's discovery of the confidential portion if such discovery occurs at a later date.

10. Any party receiving information or a designation of deposition testimony marked as confidential may dispute the designation of confidentiality by sending a written statement to the designating party and/or owner of the confidential information if different from the designating party. The written statement must identify what documents or testimony is disputed as confidential, and it must be sent within fifteen (15) days of the

receipt of the designation of confidentiality. Thereafter, the party making the designation of confidentiality has the duty to meet and confer and, if no agreement can be reached, to file a motion asking for a determination of the confidential nature of the information which must be filed within thirty (30) days of the date when the objection to confidentiality is received. If no application is made, the material will cease to be confidential under this Order. If application is made, the material must be treated as confidential pursuant to this Order until the Court determines the matter.

11. Control and distribution of the information and documents subject to this Order shall be the responsibility of the attorneys of record. The attorneys of record shall take all reasonable steps to limit access to confidential material to only those authorized in this Order and to ensure that those persons receiving confidential material do not use or disclose the material for any purpose other than those permitted in this Order.

12. Claims of privilege or inadvertent disclosure of privileged material shall be controlled by the provisions of Rule 26. If material deemed confidential pursuant to this Order is disclosed to anyone other than in the manner authorized herein, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all parties and non-parties, where applicable, and shall make every effort to prevent further disclosure by any person who was a recipient of such confidential information.

13. This Order shall remain in force, including after the conclusion of the litigation, unless and until it is modified by this Court.

14. The entry of this Protective Order does not constitute a determination that any materials designated as confidential are either relevant, admissible, or subject to being produced during discovery. Each party retains the right to make substantive objections to discovery requests other than those based on privacy or confidentiality.

15. This Order shall not affect or limit the presentation of evidence, including materials marked as confidential, during the trial of this action.

16. At the conclusion of the litigation—which includes completion of all appeals, matters on remand, or the expiration of time for appeals—counsel shall, if requested, return tax records, medical or counseling records, marital records, educational records, and proprietary commercial information. The balance of any other confidential records shall be returned or destroyed at counsel's option after the passage of five years. The parties agree that they will not charge each other for document production. It is in all instances the responsibility of the party seeking the return of documents to make a formal request for return and to set out the proposed manner of return.

IT IS SO ORDERED this 22nd day of June 2022.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE